**HUNG YEUNG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–0025–ag.**

United States Court of Appeals,
Second Circuit.

July 2, 2007.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Jamil N. Jaffer, Senior Counsel for National Security Law & Policy, National Security Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, RALPH K. WINTER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Hung Yeung, a native and citizen of China, seeks review of a December 10, 2003 decision of the Board of Immigration Appeals ("BIA") denying his Motion to Reopen immigration proceedings for reinstatement of voluntary departure and a August 5, 2003 decision affirming a May 13, 2002 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's Motion to Reopen Immigration proceedings in order to pursue adjustment of status relief. *In re Hung Yeung*, No. A 70 490 922 (B.I.A. Dec. 10, 2003). We assume the parties' familiarity with the facts and the procedural history of the case.

Upon a review of the record, we conclude that petitioner's arguments are without merit. It is undisputed that the petitioner failed to depart the United States before the April 1, 2002 deadline for voluntary departure in lieu of removal, and consequently he is barred by statute for adjustment of status for ten years. 8 U.S.C. § 1229c(d).[2] He filed his first motion to

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

2. 8 U.S.C. § 1229c(d) reads in part "[I]f an alien is permitted to depart voluntarily under

reopen on April 16, 2002, after the deadline to comply with the voluntary departure order had passed. As we have noted before, even if a petitioner's motion to reopen proceedings is granted, it has no effect on petitioner's noncompliance with a voluntary departure order. *Singh v. Gonzales,* 468 F.3d 135, 139 (2d Cir.2006) ("We hold that, for the purposes of § 1229c(d), the granting of a motion to reopen does not undo the effect of a prior violation of a voluntary departure order."). Thus the petitioner's claims that the IJ abused his discretion in failing to reopen proceedings for adjustment of status, and that the BIA abused its discretion to reopen immigration proceedings to reinstate voluntary departure, are unavailing since petitioner would remain time-barred for any adjustment of status until April 1, 2012, regardless of the whether proceedings were reopened.

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, the petition for review is **DENIED.**

---

this section and voluntarily fails to depart the Untied States within the time period specified the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 1229b [Cancellation of removal; adjustment of status], 1255 [Adjustment of status of nonimmigrant to that of person admitted for permanent residence], 1258 [Change of nonimmigrant classification] and 1259 [Record of admission for permanent residence in case of certain aliens who entered the United States prior to January 1, 1972]."